OTTO HINZE *et al.* v. FREIDERICKA HINZE.

No. 15,108.    (90 Pac. 762.)

SYLLABUS BY THE COURT.

RESULTING TRUST—*Agency—Concealment of Fraud—Constructive Notice—Limitation of Actions.* In a suit by a widow against the heirs of her deceased husband to establish a resulting trust in her favor in lands purchased by the husband in his lifetime with her money, the title having been taken in his name without her knowledge or consent, the constructive notice imparted by the recording of the deed by the husband will not start the statute of limitations running against the wife, where it appears that during the transaction the husband acted as the agent of the wife and concealed from her the fact that the title was not taken in her name.

Error from Allen district court; OSCAR FOUST, judge. Opinion filed June 8, 1907. Affirmed.

*Chris Ritter,* for plaintiffs in error.

*Charles H. Apt,* for defendant in error; *McClain & Apt,* of counsel.

The opinion of the court was delivered by

PORTER, J.: Freidericka Hinze is the widow of A. F. Hinze, who died intestate March 17, 1905, leaving his widow and a number of heirs at law, who were children of a former marriage, surviving. This suit was brought by the widow to enforce a resulting trust in her favor in land purchased by her husband in his lifetime with her money, the title having been taken in his name, as she alleges, without her knowledge or consent. The case was tried to the court without a jury, and judgment was rendered in her favor, giving

her the absolute title to the land. The heirs seek to reverse the judgment.

The petition states facts sufficient to show that plaintiff was entitled to the relief prayed for, and the rulings of the court on the motions and demurrer were correct. As we view the case, the controlling question is whether any statute of limitation bars her right to maintain the suit. The proof shows that during his lifetime the husband acted as her agent and made investments for her. About October 11, 1897, a written contract was made in her name for the purchase of three lots in the city of Humboldt. The wife was present when the contract was drawn, although the husband acted in the transaction as her agent. When the deed was afterward made she was not present, but gave her husband the purchase-price of the lots out of her own moneys, which he paid to the agent who sold the lots. He took the title in his own name, without her knowledge or consent. The deed was delivered November 16, 1897, and placed on record December 6, 1897. It was kept among his papers at home, but she never saw it, and supposed the title was in her name until shortly after his death. The suit was begun August 4, 1905.

It is claimed by defendants that, as the recording of the deed gave plaintiff constructive notice of the fraud, after a lapse of two years from that date her cause of action was barred. There are no findings by the court except that the allegations of the petition are true. The evidence, however, shows that from the time of the purchase of the property until his death the husband and wife occupied the premises as a home, and that the most, if not all, of the improvements were paid for by the wife out of her separate property, which she owned before the marriage. There remains the single question whether under the facts the constructive notice of the fraud was sufficient to start the statute.

The doctrine is well settled that notice imparted by

Hinze v. Hinze.

the record will constitute constructive discovery of fraud, save in exceptional cases where for special reasons the aggrieved person ought not to be bound. Where an express trust exists no statute of limitation will bar its enforcement until the statutory period has elapsed after a denial or repudiation of the trust. In the present case a resulting trust is shown, and from the facts which disclose the trust it appears that the fiduciary relations which existed between the husband and wife furnish as cogent reasons for holding constructive notice insufficient as in the case of an express trust. The husband was the agent of the wife, and it was his duty to disclose the true state of facts, and no duty was imposed upon the wife to search the records or to anticipate that her agent had been unfaithful to the confidence reposed in him.

It was alleged in the petition that during his lifetime the husband represented to his wife and to others in her presence that the real estate was her sole property and that he had no interest therein. There was no evidence offered to support this allegation, however, nor was there any evidence that the husband ever claimed to be the owner or asserted a claim hostile to that of the wife, who was all the time living with him on the premises.

The facts in the case of *Fawcett v. Fawcett and others,* 85 Wis. 332, 55 N. W. 405, 39 Am. St. Rep. 844, cited with approval by this court in *Black v. Black,* 64 Kan. 689, 697, 68 Pac. 662, were very similar to the facts in this case. In that case the wife knew for more than twenty years prior to the husband's death that he had, contrary to her direction, taken the title in his own name, but they were occupying the premises together as a home during all the time, and it is stated in the opinion that, so far as it appears, he recognized and admitted her right to the land and asserted no hostile claim to her absolute ownership. In answer to the contention that the wife

was barred by her laches, aside from any statute of limitation, the Wisconsin court said:

"Under these circumstances it should not be held that she ought to have endangered the peace and comfort of the family—perhaps the very existence of their home—by engaging in a lawsuit with her husband over the title to the land in question, and that her right thereto is defeated because she did not do so. Courts of equity do not impute laches by any iron rule, but allow circumstances to govern their decision in every case." (Page 336.)

In *Donaldson v. Jacobitz*, 67 Kan. 244, 72 Pac. 846, it was held that the statute commenced to run from the recording of the fraudulent deed. But the aggrieved person there was a creditor, and diligence required him to keep himself informed with respect to conveyances made by his debtor. The general rule was also stated and applied in *Black v. Black*, 64 Kan. 689, 68 Pac. 662. On the other hand, in *Duffitt v. Tuhan*, 28 Kan. 292, which was a case where a tenant in actual possession of real estate fraudulently acquired the title by taking a tax deed in his own name, the recording of the deed was held not to be constructive notice of the fraud, citing *McMahon v. McGraw, and another*, 26 Wis. 614. And in *Perry v. Wade*, 31 Kan. 428, 2 Pac. 787, it was held that the recording of the deed was not constructive notice of the fraud which would start the statute of limitations, because there was not only concealment but fraud and breach of trust and confidence. The distinction is pointed out in *Vigus v. O'Bannon*, 118 Ill. 334, 8 N. E. 778, as follows:

"The failure to use ordinary diligence to discover the fraud may be excused where there exists some relation of trust and confidence, as principal and agent, client and attorney, *cestui que trust* and trustee, between the party committing the fraud and the party who is affected by it, rendering it the duty of the former to disclose to the latter the true state of the transaction, and when it appears that it was through confidence in the party who committed the fraud that

the other was prevented from discovering it." (Syllabus.)

The equities in the case are all in favor of the widow and against the claims of the heirs. The husband in his lifetime could not have pleaded the statute in bar of an action by his wife under the circumstances of this case, and the heirs cannot be permitted to do so now.

It follows that the judgment must be affirmed.