BERNARD HICKERT V. J. A. VAN DOREN, *as County Treasurer, etc., et al.*

No. 15,467. (92 Pac. 593.)

SYLLABUS BY THE COURT.

1. SCHOOL-LANDS — *Resale before Valid Forfeiture.* An attempted resale of school-lands to which the rights of a prior purchaser have not been legally forfeited is without authority of law and is void.

2. ———— *Defective Forfeiture — Rights of Second Purchaser Who Has Acquired Prior Certificate.* One who purchased a certificate of sale of school-lands from the proper county officer, in good faith, supposing such lands were legally offered for sale, but which he afterward learned had previously been sold and to which the rights of the former purchaser or his assignee had not been legally forfeited, may purchase an assignment of the former certificate, and, ignoring the void sale, may proceed to perfect his rights to the land under such certificate.

3. ———— *Tender of Delinquent Payments—Mandamus.* In such a case it is the duty of the county treasurer and county clerk to receive all moneys tendered as payment under the assigned certificate by the assignee thereof which might properly have been paid by the assignor, and also to accord to such assignee all rights which theretofore might have been properly accorded to the assignor.

Original proceeding in mandamus. Opinion filed November 9, 1907. Peremptory writ allowed.

STATEMENT.

THIS is an original action in mandamus, brought by Bernard Hickert, the assignee of school-land certificates issued in 1885 to the south half of section 16, township 3, range 38 west, in Cheyenne county, Kansas, to compel the county treasurer and the county clerk to receive plaintiff's tender of delinquent interest and taxes on the land which have been in default since 1894, and to issue to plaintiff renewal certificates of purchase to such land, as provided by chapter 477 of the Laws of 1903. Plaintiff's petition sets out the

material facts, showing the sale of the land in 1885, the mesne assignments culminating in himself, the default of plaintiff's assignor in 1894, the issue of a notice to such assignor, and the sheriff's return, which is as follows:

"Received this notice this 20th day of April, 1898, and served the same by posting notice on the within-named land, April 29, 1898.   C. E. Burnham, sheriff. Costs:   Sheriff's costs, $2.65; county clerk's costs, $1.20.   Posted in county clerk's office, May 5, 1898.
                    C. E. BURNHAM, *Sheriff.*"

The return does not show personal service, or that plaintiff's grantor, Dakin, to whom the notice was directed, was served, nor is there any evidence that he had any actual knowledge of such notice or service or posting, or that other notice or service was attempted by the county officers of Cheyenne county, Kansas.   On March 19, 1907, plaintiff tendered to the defendants $1142.17, to pay delinquent interest, taxes, penalties and fees, which sum is conceded to be the correct amount to pay all sums due the state and the county of Cheyenne and to warrant the issue of the renewal certificates, but defendants declined to receive the money or to issue renewal certificates, whereupon plaintiff applied to this court for a writ of mandamus.

In addition to the foregoing facts stated in the pleadings the following agreed statement of facts is submitted:

"(1) That all the allegations of fact in the pleadings, upon which motion for judgment has been filed, are true.

"(2) That the plaintiff bought the land in controversy from the state on February 28, 1906, in good faith on plaintiff's part, and that through ignorance on his part he believed that the state then had, and could give him, an absolute and indefeasible title to said land.

"(3) That afterward the legal holder of the original certificates to said land, based on the sale of 1885, threatened to eject the plaintiff and to sue him for damages; and that thereupon plaintiff employed a

competent lawyer to examine plaintiff's title, and the records of Cheyenne county, Kansas, pertaining thereto, and that said lawyer, to wit, H. R. Tillotson, of Lenora, Kan., made careful examination of plaintiff's title, and of the records of Cheyenne county, Kansas, and advised plaintiff that the title of plaintiff based upon his purchase from the county treasurer of the said land on February 28, 1906, was void as against the last grantee of the original purchaser under the sale of 1885, and that under the law and the decisions of this court plaintiff's title under the sale of 1906 was illegal and void.

"(4) That thereupon plaintiff, still desiring to secure said land to himself, bought the certificates and interest of the last grantee and legal holder thereof in good faith, and for the large sum alleged in plaintiff's petition, to wit, $600.

"(5) That the sums tendered to the defendants are the accurate and correct amounts due for interest and taxes upon the original certificates at the time of the commencement of this suit."

*John S. Dawson,* and *H. R. Tillotson,* for plaintiff.

*Fred S. Jackson,* attorney-general, *Charles D. Shukers,* assistant attorney-general, and *Josiah Crosby,* county attorney, for defendants.

The opinion of the court was delivered by

SMITH, J.: This case is entirely analogous to *Spencer v. Smith,* 74 Kan. 142, 85 Pac. 573, and to *Beatty v. Smith,* 75 Kan. 803, 90 Pac. 272, as to the service of notice and proceedings to forfeit the rights of the original purchaser of the school-lands in question. Following those controlling decisions it must be held that the attempted service of the notice in the forfeiture proceedings in this case is void, and consequently the proceedings are void and the rights of the original purchaser were not forfeited; and it follows that the plaintiff by a succession of assignments from such purchaser became and is vested with all the latter's rights to the land.

It is sought by the defendants to invoke the protec-

tion of the decision in *Burgess v. Hixon,* 75 Kan. 201, 88 Pac. 1076, but no facts appear in this case that can operate as an estoppel as against the plaintiff so far as the forfeiture proceedings are concerned.

This case differs essentially from *Spencer v. Smith* and *Beatty v. Smith, supra,* in this: In those cases Smith, the county treasurer, based his refusal to receive the money tendered upon an alleged superior right to the land of a subsequent purchaser, and it was held, in substance, that at the time of the tender the treasurer had no judicial power to decide between contending claimants and that in the mandamus actions he could neither plead the rights of another as a defense nor would he be recognized as appearing therein for another to defend the rights of such other; that it was his only duty to receive the money tendered and leave it to the contending claimants to settle their contentions amicably or in a court of competent jurisdiction. In this case, however, the defendants are the sole agents of the state, authorized by law to contract in the name of the state for the sale of its school-lands and to receive payment therefor. No third party has any interest in the matter. It is a question purely as to the duty of the defendants, as official agents of the state, toward the plaintiff.

The county treasurer and clerk have, however, such power only to contract for the sale of school-lands as is granted to them by statute. The statute is their power of attorney, and it authorizes a resale of school-lands only after the right of the former purchaser has been forfeited. (Gen. Stat. 1901, § 6357.) The preceding section of the statute provides the steps necessary to be taken to effect such forfeiture. Since the attempted forfeiture proceedings were void, as we have before determined, it follows that the attempted contract of sale of 1906 to the plaintiff was also void as not authorized by law.

The plaintiff upon discovering his situation under

this so-called contract of 1906 had a right to ignore it and to proceed to assert his rights under the legal contract he had procured by assignment. The defendants should have accepted his money tendered for that purpose.

Let the peremptory writ issue, as prayed for.