Reitler v. Harris. ·

CHARLES REITLER V. WILLIAM A. HARRIS.*

No. 15,992.

SYLLABUS BY THE COURT.

1. SCHOOL-LAND—*Forfeiture*—*Estoppel.* Under the facts found in this case there is no element of estoppel as against the plaintiff.

2. ——— *Notice of Forfeiture Proceedings*—*Evidence.* The decision in *Jones v. Hickey, ante,* p. 109, as to the competency of the legislature to provide what shall be *prima facie* evidence of the legal service of a notice, followed.

Error from Edwards district court; CHARLES E. LOBDELL, judge. Opinion filed May 8, 1909. Affirmed.

STATEMENT.

THIS action was brought by the plaintiff in error, January 19, 1907, to recover from the defendant in error 160 acres of land in Edwards county, the title and right of possession to which the plaintiff claimed under a school-land patent from the state. The defendant answered by a general denial. The case was tried to the court. Judgment was rendered in favor of the defendant.

Findings of fact were made, which, so far as material, are in substance as follow: (1) David Thompson, on September 2, 1886, purchased the land at the

* Pending in the supreme court of the United States on a writ of error allowed July 1, 1909.

appraised price of $3 per acre, made a first payment of $48, and received a school-land certificate of purchase therefor.   (2) On March 2, 1888, Thompson assigned his certificate to one Berry, and on March 21, 1888, Berry and wife reassigned the same to the plaintiff, Charles Reitler, for $1200.   (3) Reitler made the interest payments and paid the taxes due on the land up to November 22, 1898, but made no other payments until September 22, 1906, when he paid the full amount of principal and interest then due, being $432, and also paid the taxes on the land and interest thereon, amounting to $207.36, and received final receipts therefor. (5)  On September 26, 1906, on presentation of such certificate, he received a patent in due form for the land from the state.   (7) On July 13, 1901, the county clerk of Edwards county issued to Reitler a notice that he was in default for non-payment of interest in the sum of $51.84, and that if the same was not paid within sixty days from the service of notice his rights to the land would be forfeited.   (8) This notice was delivered to the sheriff of the county, who made the following return thereon: "Received this notice this 13th day of July, 1901, and served the same by leaving a copy with C. C. Potter, who occupied the within premises, July 17, 1901.  F. S. Avery, sheriff."   At that time Reitler, to the knowledge of the sheriff, was a non-resident of and absent from the state of Kansas, and had been for more than ten years prior thereto.   A copy of the notice was duly posted in the office of the county clerk, July 17, 1901, and after the expiration of sixty days from the attempted service of the notice the county clerk entered upon his school-land record of the county the following notation: "Land forfeited."   (9) Reitler never resided upon the land, and never had any portion thereof cultivated after the year 1893.   (10) The only act of abandonment committed by Reitler was his failure to pay interest instalments and taxes on the land.   (11) In the fall of 1901 Silas Potter learned of the attempted

forfeiture and settled upon the land, bought a house which had been moved thereon by mistake, built a barn, dug two wells, broke eighteen acres and built some fence on the premises, and thereafter made proof of his settlement before the probate judge and received a school-land certificate of purchase therefor about March 29, 1902. He duly made payment of interest and taxes up to the time of the commencement of this action. (12) Potter bought the land at the appraised price of $200. (13) In the spring of 1904 the defendant, Harris, bought the assignment of Potter's certificate for $1320. The improvements on the land at that time consisted of a house, two wells, a barn, milkhouse, one wind-mill, eighty acres fenced, and the breaking. (14) The defendant has had possession of the land and occupied it as his home from the time he purchased the certificate until the time of trial. Finding No. 16, copied in full, reads as follows:

"(16) That at the time the said plaintiff quit paying interest on said school-land in 1898, and at the time the same was purchased by Silas Potter as a settler, said Charles Reitler had a local agent residing in Edwards county, Kansas, one H. C. Bingham; that said Reitler knew the value of said lands during all of said years, and either had knowledge and information that said school-land certificate of purchase had been forfeited and that the said Silas Potter had settled upon and improved said land as a settler thereon and knew that Potter was making valuable and lasting improvements on said land, or might by the exercise of ordinary care have acquired all of such knowledge; that said Reitler did not in any way object to such settlement and improvement of said land, and did nothing to prevent the same, and did not in any way object to or protest against the forfeiture of said school-land certificate."

Finding No. 18 in substance is as follows: At the time Harris bought the certificate from Potter for $1320 the value of the improvements was $620, and the value of Potter's interest in the land was $700.

*F. Dumont Smith,* for the plaintiff in error.

*L. M. Day,* for the defendant in error.

The opinion of the court was delivered by

SMITH, J.: Upon these facts the court based two conclusions of law, the second of which we will first consider. It is that on the facts found the plaintiff "is estopped from complaining of irregularities in the forfeiture proceedings against a purchaser in good faith on the strength of such proceedings, and especially against a person who, like the defendant, has paid a large sum for the assignment of the certificate." In all this there is no element of estoppel, as has in effect been held in every case of defective service of the notice of forfeiture in the numerous cases in this court, from *Knott v. Tade,* 58 Kan. 94, to *Hickert v. Van Doren,* 76 Kan. 674, and *Spencer v. Smith,* 74 Kan. 142. In those cases the authorities are reviewed.

Even applying the new rule of evidence to the forfeiture proceedings, there is no evidence that Reitler had any actual knowledge. He was absent from the state and personal service of the notice upon him was not possible, hence there could have been only constructive service by posting the notice. There can be no estoppel except actual knowledge of the facts from which it arises be shown.

On the other hand, the records of the county clerk's office, through which they were attempting to acquire rights to the land, were open to the defendant and his grantor. It would seem that ordinary care and prudence would have led to an examination thereof, and that in the absence of such care they might be held to have knowledge of whatever the records would have disclosed to them. They are presumed to have known the law, and under the law at that time the sheriff's return upon the notice conclusively showed that Reitler's rights to the land had not been legally forfeited.

The case of *Burgess v. Hixon,* 75 Kan. 201, is the leading one relating to school-land wherein the doc-

trine of estoppel is applied against the first purchaser
or his grantor.  In that case Burgess had the land in
question included within the fence of his ranch for
six years, then leased it and occupied it as a tenant of
the state for four and one-half years, thus treating
Walton's right to the land as forfeited by the state for
many years after the proceedings to enforce the for-
feiture.  He then suffered Hixon to buy the land, make
a payment on it, take possession and spend money in
its improvement, and thereafter procured a quitclaim
deed from the original purchaser, Walton, and at-
tempted to set up his claim as the assignee of Walton
against Hixon.  Burgess, at first by his action in hold-
ing the land as public land and afterward by leasing
it of the state, and later by remaining silent while
Hixon bought the land, took possession of it, and spent
his money in improving it, led Hixon to the belief that
Walton's right to the land was canceled, and thereafter
sought to take advantage of Hixon's ignorance of the
situation.  In short, that case contained every element
of estoppel *in pais* as usually defined, and bears no
analogy to the present case.

The court found that Reitler had an agent in the
county and knew, or could have known in the exercise
of diligence, what Harris and his grantor were doing
in the way of improving the land from 1902 to 1906.
The court, however, did not find that the agency had
anything whatever to do with the land in question;
and while a principal may be presumed to know what
his agent knows in regard thereto when the agent is
conducting the business of the principal, there is no
presumption that the principal knows what the agent
knows about other matters.  The court expressly found
in substance that Reitler had no personal knowledge of
these matters in finding that he had been a non-resident
of, and absent from, the state for more than ten years.

The first conclusion of law, however, is unassailable.

It is practically conceded that, if section 1 of chapter 373 of the Laws of 1907 is constitutional and valid, it determines the controversy in this case. The court found that the county clerk of the county, after the expiration of sixty days from the attempted service of the notice, did enter upon his school-land record this notation: "Land forfeited." Section 1 of the act in question provides in substance that such an entry "shall be *prima facie* evidence, in any action or proceeding in any court in this state, that proper notice of the purchaser's default had been issued and legal service thereof made, and that all things necessary to be done as conditions precedent to the forfeiture of the right and interest of the purchaser, and all persons claiming under him, in and to such land, had been duly and properly done and performed, and that such forfeiture had been duly declared." It has just been decided in *Jones v. Hickey, ante,* p. 109, that "it was competent for the legislature to provide what shall be *prima facie* evidence of legal service, and that this provision of the act is not objectionable on the ground that it disturbs vested rights." (Syllabus.)

The plaintiff contends that, as he had fully paid for the land and obtained his patent from the state, his rights thereto were determined before the commencement of this action, and before the passage of chapter 373 of the Laws of 1907. In the absence of fraud this may be true, as between Reitler and the state, but as between the parties the issuance of the patent to Reitler is no higher and greater evidence of his right to the land than is the ownership of the school-land sale certificate by Harris of his right thereto. The question that determines their rights is, Was the service of the notice of forfeiture legally made upon Reitler? Before the enactment of this statute the return of the sheriff upon the notice was held to be the exclusive evidence as to whether the service was legally

made, and the return in this case was insufficient to prove that fact. The statute provides that the notation made by the county clerk is *prima facie* evidence of legal service. The trial court found that there was not sufficient evidence to rebut this *prima facie* evidence, and the plaintiff does not even contend that there is such evidence. It was competent for the legislature to provide the rule of evidence, and where there is conflicting evidence upon a fact at issue the finding of the trial court thereon can not be disturbed here. (*Petersilie v. McLachlin, post.*)

If the equities of the plaintiff in this case be superior to those of the defendant; if he has, in addition to large amounts of interest and taxes, paid to the state as the price of the land more than twice the amount the defendant is to pay, and at a time when by the law of the state and rule of evidence he had only to pay for the improvements made by the occupying claimant to entitle him to the full possession and title to the land; if instead he stands to lose nearly $1900 and gets nothing in return; even if the defendant, when he acquired his certificate and went into possession, had presumptive notice that the plaintiff's rights had not been legally forfeited and could still be asserted; even if the situation be such that many similar cases are likely to arise: none of these considerations is to govern this or any other court of the state. The legislature in enacting the law is presumed to have anticipated such contingencies, and still, for some greater good to the state at large, it has provided the new rule of evidence —that if the county clerk make certain notations (which no statute had made it his duty to make) upon the school-land records of his county, such notations shall be *prima facie* evidence, in any proceeding in any court of the state, of a number of facts which may or may not have been within the knowledge of the clerk at the time he made the notation. It is not our duty to re-

form or to criticize the statute, but it is our duty to follow it unless repugnant to a higher law, in which case it is not law.

The judgment is affirmed.