THE TREGO LAND & INVESTMENT COMPANY, *Appellant*,
v. I. N. REDDIG, *Appellee.*

No. 17,481.

OPINION DENYING A REHEARING.

. Appeal from Trego district court.   Opinion denying
a rehearing, filed May 11, 1912.   Rehearing denied.
(For original opinion, see 86 Kan. 689, 121 Pac. 912.)

*W. E. Saum*, and *I. T. Purcell*, for the appellant.

*Herman Long*, for the appellee.

*Per Curiam:* In a petition for rehearing it is insisted that
the opinion is in conflict with *Reitler v. Harris*, 80 Kan. 148,
102 Pac. 249.   In that case it was agreed that the only act of
abandonment committed by Reitler was his failure to pay in-
terest and taxes.   He was a nonresident of the state and had no
knowledge of the improvements made by Harris.   In this case
the land was leased by the state to John Reddig as state school
land after the forfeiture was declared.   The lessee was the
same person who had previously leased it of the Wolfes and they
supposed and understood that their rights had been forfeited
and acquiesced in the proceedings after having received the
notice of forfeiture served on Burnham.   It was said in *Burgess
v. Hixon*, 75 Kan. 201, 88 Pac. 1076:

"Hixon testified that he had known the land since he was a
boy, had lived in the neighborhood, knew the manner in which
it was occupied and used, knew of the lease to Burgess, and in
purchasing the land from the state purchased it as leased school-
land.   There can be no question, therefore, but that Hixon's
conduct was induced by the failure of Walton to complain of the
forfeiture and by the show of full dominion which Walton neg-
ligently, if not wilfully, permitted the state to make."   (p. 204.)

It is true that in this case I. N. Reddig, appellee, did not
testify that he knew of the lease made by the state to his father,
but the possession by the father warrants the presumption of
such knowledge, and there is no more reason to question that the
appellee's conduct was induced by the failure of Wolfe to com-
plain of the forfeiture than that Hixon's conduct was induced
by the like failure of Walton.   Other facts appearing in evidence
confirming the estoppel were commented on in the opinion in
that case, but the principle decided, as stated in the syllabus and
embraced in the above quotation, is applicable here.   It was
also said in the opinion in that case:

"It is sufficient for the defendant that various steps were

taken by the state in an effort in good faith to forfeit, which, with the means and opportunity of full knowledge at hand, the plaintiff has accepted as effectual and has induced the defendant to act upon as effectual. Even if it were technically invalid Walton could acquiesce in whatever the officers did as if it were valid, and if he did so and led others to do so he can not afterwards turn against them." (p. 205.)

*Gray v. Zellmer,* 66 Kan. 514, 72 Pac. 228, is cited as being at variance with the opinion in this case. That decision was also relied on in *Thayer v. Schaben,* 79 Kan. 856, 98 Pac. 1134, but it was held that it did not control the controversy, and for the reasons there given it is not controlling here.

Other criticisms of the opinion are vigorously presented, but upon careful reconsideration it appears that the Burgess and Thayer cases, which the opinion followed, sustain the conclusion reached.

The petition for rehearing is denied.