No. 25,936.

*In re* the Estate of CHARLES W. McFARLAND, Deceased; NELLIE K. McFARLAND, *Appellant,* v. NELLIE N. McFARLAND, *Appellee.*

SYLLABUS BY THE COURT.

1. FRAUD—*Representation As to Validity of Will.* A beneficiary of a will is not justified in relying upon the opinion of another beneficiary to the effect that the will is invalid.

2. SAME—*Limitation of Action—Notice.* Where the means of the discovery of fraud lies in public records required by law to be kept, which involves the very transaction in question and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute of limitations in motion, following *Black v. Black,* 64 Kan. 689, 68 Pac. 662.

Appeal from Douglas district court; GEORGE H. WHITCOMB, judge *pro tem.* Opinion filed May 9, 1925. Affirmed.

*John J. Riling,* and *Edward T. Riling,* both of Lawrence for the appellant.
*C. A. Smart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Charles W. McFarland, a resident of Douglas county, died in January, 1915. He left a purported will, which had been executed at a time when he was initiated into a secret order, and perhaps as a part of the ceremony of such initiation. By the terms of

*In re* Estate of McFarland.

this instrument he left all his property to his wife, except $2,000 to his sister, Nellie K. McFarland. After his death, to avoid any controversy or litigation over the purported will, an agreement was reached between the widow and Nellie K. McFarland by which the widow gave her note to Nellie K. McFarland for $2,000 payable from her estate thirty days after the death of the maker, with interest after maturity.

The purported will was not offered for probate. The widow, Nellie N. McFarland, was appointed administratrix of the estate. She proceeded to administer the estate in the probate court, and was finally discharged as such administratrix on February 27, 1917.

In January, 1923, Nellie K. McFarland filed a petition in probate court to set aside the judgment and order of the probate court of February 27, 1917, closing the estate of Charles W. McFarland, deceased, and discharging the administratrix, and to be permitted to file for probate the purported last will and testament of Charles W. McFarland, upon the ground that the widow, Nellie N. McFarland, while in possession and with full knowledge of the contents of the will of her husband, falsely and fraudulently represented to Nellie K. McFarland that there was no money or property belonging to the estate of Charles W. McFarland with which to pay the bequest of $2,000, as provided in the will; that the estate of Charles W. McFarland was insolvent, and that it would require the sale of their home to satisfy his creditors, and that the purported will of Charles W. McFarland was a "joke" and invalid; that these representations were false in that the estate of Charles W. McFarland was of the value of about $10,000, as shown by the order and judgment of final settlement and orders for partial distribution previously made, and that the will was not invalid, but was in all respects valid.

It was further averred that Nellie K. McFarland did not know of the fraudulent representations at the time; that she relied upon the representations made to her by the widow, and accepted the note payable after the death of the widow in lieu of the cash bequest in the will, and that she had not learned of the fraudulent nature of the representations made to her by the widow until within two years of the filing of the petition. She tendered back the note executed to her by the widow.

A demurrer was filed to this petition, which was sustained in the probate court, and on appeal to the district court was there sustained, and the petitioner has appealed from that order.

It is argued by appellant that the will of Charles W. McFarland was in all respects valid and should be admitted to probate. We do not have properly before us the question of the validity of this purported will, and hence we shall not pass upon that question. The question before us is whether the allegations of fraud set forth in the petition are sufficient to justify or authorize the court to set aside the final order and judgment of distribution of the estate in the probate court and at this time to consider the petition for the probate of the will.

It will be noted that the allegations of fraud in the petition may be considered in two groups. One group of allegations pertains to the condition of the estate, and it is alleged in substance that the widow represented the estate to be insolvent, or practically so, when in fact it was of the value of approximately $10,000. The other group of allegations goes to the question of the validity of the instrument purported to be the last will of Charles W. McFarland.

As to this last group of allegations, the representations of the widow could be no more than the expression of her opinion. The petitioner was not bound by the opinion of the widow as to the validity of the instrument. She might have consulted an attorney or might have petitioned at that time to have the will probated and had the matter determined in court. Perhaps its validity would depend upon the intention of the testator at the time it was executed. (*In re Walkin's Estate*, 116 Wash. 190.)

As to the fraudulent allegations pertaining to the condition of the estate, the appellee raised by the demurrer the question of the statute of limitations. This point is well taken. The condition of the estate was shown by the public record of the probate court of Douglas county, by which the final order of distribution was made in February, 1917. With this record open to the examination of the petitioner, she cannot be heard to say that she had no knowledge of the condition of this estate until some date which was within two years prior to the filing of her petition in January, 1923. The purpose of public records is to give parties in interest notice. Since Charles W. McFarland was a resident of Douglas county at the time of his death, the probate court of that county is the only court in which his estate could be administered, hence it would have been a comparatively easy matter for the petitioner to have made inquiry of the judge of that court as to whether the estate was being administered and as to the condition of the estate.

In *Black v. Black,* 64 Kan. 689, 68 Pac. 662, it was held:

"Where the means of discovery lie in public records required by law to be kept, which involve the very transaction in hand, and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion." (Syl. ¶ 2.)

This rule has been followed many times in this court. See *Foy v. Greenwade,* 111 Kan. 111, 206 Pac. 332; *Hinderliter v. Bell,* 114 Kan. 857, 221 Pac. 252.

The judgment of the court below is affirmed.