No. 34,596

EULA SIMMONS, *Appellant*, v. GEORGE L. CLARK et al., *Appellees*.

(99 P. 2d 739)

Opinion filed March 9, 1940.

*Samuel Griffin,* of Medicine Lodge, for the appellant.

*J. N. Tincher, Clyde Raleigh,* both of Hutchinson, and *Leaford F. Cushenbery,* of Medicine Lodge, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action in partition and ejectment. Defendants prevailed, and plaintiff has appealed.

An undivided one-twelfth interest in land is involved. Appellant's claim of title to that interest is based upon a sheriff's deed, issued and delivered July 3, 1936. The owners of the entire interest were made defendants. The real issues, however, are between the appellant and appellee, W. D. Clark, who claims title to the one-twelfth interest involved, by virtue of a warranty deed from his

brother, George L. Clark, executed October 9, 1931. It is conceded W. D. Clark had an undivided one-twelfth interest before he received a deed for the brother's one-twelfth interest.

Appellant claims George L. Clark, her debtor, executed the deed to his brother, W. D. Clark, for the purpose and intent of defrauding, hindering and delaying her in the collection of a debt owed to her by George L. Clark, and the deed is therefore void and should be set aside. Appellant also contends she obtained the interest of George L. Clark by virtue of the sheriff's deed.

A brief narrative of the chronological order of events may be helpful. They are: On March 5, 1930, George L. Clark became indebted to appellant on a promissory note in the sum of $322.50. George L. Clark executed a warranty deed to W. D. Clark to his one-twelfth interest in the land October 9, 1931. On May 16, 1932, George L. Clark and his wife executed a mortgage on the one-twelfth interest to one M. C. Cavanaugh in the sum of $866.30. That mortgage was recorded June 22, 1932. On July 12, 1932, appellant instituted an action against George L. Clark on the note and obtained judgment thereon October 25, 1932. Execution was issued July 20, 1933, and on October 7, 1933, the purported one-twelfth interest of George L. Clark was sold to the plaintiff at sheriff's sale. That sale was set aside on the motion of George L. Clark, for the reason the sale was made more than sixty days after the return day. The purported one-twelfth interest of George L. Clark was sold on alias execution November 15, 1933, and a certificate of sale was issued and delivered to the appellant. A sheriff's deed was issued and delivered to appellant July 3, 1936. Prior to the delivery of the sheriff's deed, and on May 14, 1935, W. D. Clark recorded his warranty deed from George L. Clark. The instant action in partition and ejectment, in which appellant sought to set aside that deed, was not filed until June 8, 1938.

The issues were tried upon pleadings consisting of a petition, answers by all defendants, and an amended reply of appellant. In the petition appellant based her claim upon title acquired by virtue of the sheriff's deed. For the purpose of this action appellant concedes it is necessary to note only the answers of the defendants, George L. Clark and W. D. Clark. The real issues, however, are between appellant and W. D. Clark, as George L. Clark does not claim title to the interest involved. We may, however, note the substance of both answers. Their separate answers denied appellant had acquired title

to the one-twelfth interest of George L. Clark by virtue of the sheriff's deed and further asserted, in substance: George L. Clark had sold and W. D. Clark had purchased the one-twelfth interest by warranty deed for a good and valuable consideration on October 9, 1931; W. D. Clark at all times since October 9, 1931, had been in the open and notorious possession of the land and had paid the taxes thereon at all times thereafter; W. D. Clark, by virtue of his original one-twelfth interest and the deed from George L. Clark, became and is the owner of an undivided one-sixth interest in the land; title to that interest should be quieted in him.

Appellant's reply contained, among other allegations, averments calculated to constitute an estoppel to the defenses pleaded by George L. Clark and W. D. Clark. We are concerned with the question whether appellant pleaded facts which estop W. D. Clark, who claims the title, from asserting his title. The substance of the plea as to W. D. Clark was that he had failed to intervene and assert his title to the one-twelfth interest of George L. Clark prior to the sale of that interest on execution. The estoppel portion of the reply apparently also proceeded upon the theory appellant was an innocent purchaser at sheriff's sale. The trial court, pursuant to motion, ordered appellant to strike out that portion of the reply. That order constitutes appellant's first contention of error. W. D. Clark was not a party to appellant's action on the promissory note. He was not obliged to intervene in that action and assert his title to land. W. D. Clark did not waive or forfeit his title by mere silence. By his failure to object to the sale on general execution appellant did not acquire a title which her judgment debtor did not possess. (*Schilling v. Black,* 49 Kan. 552, 558, 31 Pac. 143.) The sale under execution conveyed only such title as the judgment debtor actually had in the real estate at the time the judgment lien attached, and no more. Appellant, a judgment creditor, was not an innocent purchaser. (*McCalla v. Knight,* 77 Kan. 770, 94 Pac. 126; *Brewer v. Warner,* 105 Kan. 168, 170, 182 Pac. 411; *Metz v. Hicklin,* 126 Kan. 516, 518, 268 Pac. 823.) It follows the estoppel portion of the reply was properly stricken.

Appellant filed an amended reply in which she asserted, as in her petition, that she acquired title to the George L. Clark interest by sheriff's deed. Appellant also sought to have the deed to W. D. Clark set aside on the ground it was void. We shall discuss first that portion of the amended reply in which appellant sought to set

aside the deed to W. D. Clark. That relief was sought on the ground the deed was *made and delivered without consideration,* and for the purpose and intent to cheat, hinder, delay and defraud appellant in applying the interest of George L. Clark to the payment of her debt and judgment. The amended reply specifically alleged the purported deed to W. D. Clark, dated October 9, 1931, had been recorded May 14, 1935. The instant action was not commenced until June 8, 1938. Appellee insists the action was barred. An action to cancel and set aside a deed on account of fraud is governed by G. S. 1935, 60-306, *third,* which requires such an action to be brought within two years after the cause of action has accrued. The statute also provides the cause of action shall not be deemed to have accrued until the discovery of the fraud. The recording of the deed was constructive notice of the alleged fraud and sufficient to start the running of the statute on that particular cause of action. (*Main v. Payne,* 17 Kan. 608; *Foy v. Greenwade,* 111 Kan. 111, 117, 206 Pac. 332; *Malone v. Young,* 148 Kan. 250, 264, 81 P. 2d 23.) It will be observed appellant's reply disclosed on its face the statute had run. Appellees' demurrer to appellant's evidence was properly sustained as to relief sought on the ground of fraud. Appellant urges the statute of limitations constitutes an affirmative defense and that it was not pleaded. It is true it constitutes an affirmative defense and must ordinarily be pleaded. In the instant case, however, appellant's first pleading which disclosed upon its face that the action was barred, as to the fraud feature, was her reply. The code does not provide for an affirmative pleading to a reply. It is true that if the reply to a defense set up in the answer be insufficient, the defendant may demur thereto. (G. S. 1935, 60-718.) In the case at bar it was not a question of the mere insufficiency of the reply, but the reply affirmatively disclosed if plaintiff ever had a cause of action on the ground of fraud, that cause of action was barred. Appellees were not precluded from demurring to the evidence on the ground the action was barred. The defense that the action was barred was promptly asserted in the opening statement to the court by counsel for appellees. No objection was made by appellant to the raising of that issue. In *Croan v. Baden,* 73 Kan. 364, 85 Pac. 532, it was held:

"The statute of limitations, to be available as a defense, must be affirmatively pleaded *or otherwise asserted,* and a failure to do so constitutes a waiver of such defense." (Syl. ¶ 2.) (Italics ours.)

Here that defense was expressly asserted before appellant and the court at the very beginning of the trial. The defense was not concealed, and the court did not abuse its discretion by considering that defense to the issue of fraud when it passed on the demurrer to the evidence. Nor did it constitute reversible error, under the circumstances, to sustain the demurrer to the evidence, on the fraud feature, because the statute had not been affirmatively pleaded. (*Mercantile Co. v. Rooney,* 114 Kan. 840, 220 Pac. 1048, and cases therein cited.)

Appellees contend since the action to set aside the deed to W. D. Clark was barred the judgment must be affirmed. It is unnecessary to rule upon that contention in this case. It is sufficient to say appellant's cause of action for relief upon the ground of fraud was barred.

Let us now see whether appellant based her right to relief upon any other theory and whether she sustained the burden of proof, which she accepted, as to such additional theory.

The latter portion of the amended reply alleged the deed to W. D. Clark was not made, executed and acknowledged or delivered on October 9, 1931, and it also denied the deed was ever acknowledged. While the intent of the pleader is not as clearly disclosed as it might have been, we shall assume she intended to plead a cause of action in addition to that of fraud. It appears those averments were made in order to enable her to prove W. D. Clark was not the owner of the George L. Clark one-twelfth interest and that she acquired that interest by virtue of the sheriff's deed. Unfortunately for appellant, she failed completely to prove any of those allegations and also failed to establish her former averment that the deed was made and delivered *without consideration.* Furthermore, it would not have been sufficient to merely prove the deed was not executed, acknowledged and delivered on the exact date of its execution, namely, October 9, 1931. The deed might have been executed and acknowledged on October 9, 1931, as it purported to be, and might have been delivered at any time prior to the date appellant's judgment lien attached. That is necessarily true because by the execution sale appellant, a judgment creditor, obtained only such title as her judgment debtor had in the land at the time her judgment lien attached, and no more. Appellant failed to prove the deed was not executed, acknowledged and delivered on October 9, 1931, and also failed to prove it was not executed, acknowledged and delivered on some other date prior to the attachment of her judgment lien. Appellant ac-

cepted the burden of proof and failed to show she obtained the interest of George L. Clark by virtue of the sheriff's deed. Having established no interest to partition, the second cause of action, namely, that of ejectment, was never reached. The demurrer to the evidence was properly sustained.

The judgment is affirmed.