No. 35,158

FRANCIS HENNE, *Appellant,* v. HOMA WOOD et al., *Appellees.*

(113 P. 2d 98)

Opinion filed May 10, 1941.

*James A. Cassler* and *L. H. Ruppenthal,* both of McPherson, for the appellant.

*Charles G. Yankey, Harvey C. Osborne, John G. Sears, Jr., Verne M. Laing* and *G. K. Purves, Jr.,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action to quiet title to an eighty-acre tract of land in McPherson county. The trial court sustained defendants' motion to strike from plaintiff's reply allegations deemed vital to plaintiff's right to recover. Plaintiff has appealed.

Briefly, the pleadings may be summarized as follows: Plaintiff, in his petition, alleged that he is the owner and in the actual possession of the described land; that defendants claim some estate in or lien on the property, the nature of which is unknown to plaintiff; that all such claims were subject to and inferior to plaintiff's title, and the court was asked to require defendants to set up their claims. The prayer was for judgment excluding defendants from any interest in, claim to, or lien upon the property, and quieting plaintiff's title thereto as against defendants.

Defendants' answer contained a general denial, with the admission that they claim an interest in the land; alleged that on November 6, 1925, Carl J. Hanson and wife were the owners of the fee-simple title to the land, and on that date executed to F. A. Smith a mineral deed for an undivided one-half interest in and to all the oil and gas and other minerals in or under the land, or which may be produced therefrom, which deed was duly recorded December 7, 1925; that on

September 10, 1926, F. A. Smith and wife, by a mineral deed, conveyed to Virgil O. Wood all of the oil, gas and mineral rights previously conveyed to him by Carl J. Hanson and wife, which mineral deed was duly recorded September 23, 1926; that on November 12, 1930, Virgil O. Wood and wife, by their mineral deed, conveyed to the defendant, Homa Wood, an undivided one-eighth, and to Robert H. Wood an undivided one-eighth, of all the oil, gas and other minerals in and under the land, or which may be produced therefrom, which deed was recorded November 14, 1930; that on January 10, 1940, Robert H. Wood and wife conveyed to the defendant, Homa Wood, their undivided one-eighth interest in and to all the oil, gas and other minerals in and under, or that may be produced from the said land, which mineral deed was duly recorded January 19, 1940, and that by reason of these conveyances the defendant, Homa Wood, is the owner of an undivided one-fourth interest in the oil, gas and other minerals in or under, or which may be produced from the land in question. The prayer was for judgment in harmony with these allegations, and by cross petition the defendants sought to quiet their title as against plaintiff in and to the undivided one-fourth interest of the mineral rights.

The reply contained a general denial, and a specific denial that Carl J. Hanson and wife were the owners of the fee-simple title to the land on November 6, 1925, and alleged that prior thereto, and on January 25, 1923, Carl J. Hanson and wife had executed to the Central Trust Company a mortgage on the land to secure their note for $2,500, which mortgage was duly recorded. It is further alleged that about April 16, 1931, the Central Trust Company brought an action to foreclose the mortgage, in which action a judgment of foreclosure was rendered, and an order of sale issued under which the property was sold by the sheriff on August 10, 1931, and bid in by the plaintiff, the Central Trust Company, which sale was confirmed on September 18, 1931, and a sheriff's certificate of purchase was duly issued; that about September 22, 1931, the sheriff's certificate was duly assigned to plaintiff, to whom a sheriff's deed was issued February 13, 1933. In this foreclosure action F. A. Smith and wife and Virgil O. Wood and wife were made parties defendant, but Robert H. Wood and the defendant, Homa Wood, were not made parties defendant.

It is alleged that Virgil Wood, Robert H. Wood and Homa Wood are brothers, and F. A. Smith is their brother-in-law; that after

plaintiff had purchased the certificate of purchase for the property, Homa Wood, acting for himself and for his two brothers and brother-in-law, approached plaintiff and wanted to buy the certificate of purchase, but terms were not agreed upon; that Homa Wood, with intent of deceiving plaintiff, fraudulently stated that all of them were parties defendant in the foreclosure action, and that the rights of all of them under the mineral deeds had been foreclosed, that they intended to redeem the property from the foreclosure sale and would do so; that relying upon these representations plaintiff was deceived, and did not investigate the record in the foreclosure action to determine whether or not Robert H. Wood and the defendant, Homa Wood, were parties defendant in the action, and that he did not actually learn they were not parties to the action, and that their interests under the mineral deeds were not foreclosed thereby until in the spring of 1939. We have attempted to state only the gist of the allegations of the reply, which was twice amended, and which altogether is quite lengthy.

In 42 C. J. 164 it is said:

"In accordance with general rules [relating to judgments] the judgment or decree in a foreclosure action is conclusive on all persons who were properly made parties to the action. The converse of this rule is equally true, that persons not parties are not concluded by the judgment of foreclosure. . . ."

Our decisions are in harmony with this rule. See *Britton v. Hunt*, 9 Kan. 228; *Lenox v. Reed*, 12 Kan. 223; *Ervin v. Morris*, 26 Kan. 664; *Richards v. Thompson*, 43 Kan. 209, 23 Pac. 106; *Stacey v. Tucker*, 123 Kan. 137, 254 Pac. 339; *Motor Equipment Co. v. Winters*, 146 Kan. 127, 69 P. 2d 23; *Phillips v. Parker*, 148 Kan. 474, 83 P. 2d 709; *Simmons v. Clark*, 151 Kan. 431, 99 P. 2d 739.

Under our code (G. S. 1935, 60-3101) a judgment is a final determination of the rights of the parties to an action, and G. S. 1935, 60-3102, authorizes judgment only against such parties.

Appellant does not contend he acquired the interests under the mineral deeds to Robert H. Wood and Homa Wood by the foreclosure proceedings, but argues that the defendant, Homa Wood, is estopped to claim rights under the mineral deeds to him by his failure to disclose to plaintiff his title, and by his fraudulent representations to plaintiff that he and his brother, Robert H. Wood, were parties to the foreclosure action, and that their rights under the mineral deeds had been foreclosed in that action unless they redeemed, which they would do if they could not buy the certificate of purchase

from plaintiff. The trial court held, as a matter of law, that the defendants were not estopped for those reasons from claiming their rights under the mineral deeds. We concur in that view.

Plaintiff was not induced to buy the certificate of purchase because of anything Homa Wood said to him; he had previously purchased it. In this and other material respects the case differs from *Burgess v. Hixon*, 75 Kan. 201, 88 Pac. 1076; *Investment Co. v. Reddig*, 86 Kan. 689, 121 Pac. 912; 87 Kan. 295, 123 Pac. 741, and other cases cited by appellant. Plaintiff alleged defendant, Homa Wood, approached him and wanted to buy the certificate of purchase. There was nothing wrong about that. It is alleged defendant stated he and his brothers and brother-in-law would redeem from the sale. This was but an expression of a plan or intention to do something in the future. Appellant does not contend there was any contract by which appellee was bound to redeem. It was alleged defendant stated he and Robert H. Wood were parties to the foreclosure action, and that their rights under the mineral deeds were foreclosed thereby. Since plaintiff had previously acquired the certificate of purchase, this statement could not change his rights; he had not relied upon this statement when he purchased, and was not justified in relying on it when it was made. (*In re Estate of McFarland*, 118 Kan. 534, 235 Pac. 832.) A prudent man would have investigated that matter before he purchased. Standing in the position of a purchaser at a judicial sale, he purchased what was sold, and no more. (See *Simmons v. Clark*, 151 Kan. 431, 433, 99 P. 2d 739, and cases there cited.) Neither the defendant, Homa Wood, nor Robert H. Wood had concealed ownership of their mineral rights; their mineral deeds were duly recorded before the foreclosure action was brought. That record, and the record of the foreclosure proceedings, were as open to plaintiff as they were to defendant. They involve the very transaction in hand, and themselves are sufficient notice to plaintiff of any fraudulent representation respecting them made by defendant. (*Black v. Black*, 64 Kan. 689, 68 Pac. 662.)

Appellant stresses the fact that the judgment of foreclosure was rendered, the sheriff's sale had and confirmed, all in the June, 1931, term of the district court. (See G. S. 1935, 20-1009.) While the date the defendant, Homa Wood, is alleged to have talked with plaintiff is not fixed in the reply, appellant argues it was within the same term of court, and that plaintiff was injured by defendant's statement in this way: Had the false representations not been made by defendant, plaintiff would have examined the records of the fore-

closure proceedings and the records in the office of the register of deeds, and would have discovered that the defendant and Robert H. Wood held title to certain mineral rights in the property, and that they had not been made parties defendant to the action, and would have applied to the court to have the judgment of foreclosure, the sheriff's sale, and the order confirming it, set aside in order that they might have been made parties defendant, and their interests cut off. We regard this argument as quite fanciful, for two reasons: *First*, not having examined those records before he acquired the certificate of purchase, which would have been the prudent thing for him to have done, there is no assurance that he would have examined them within that term of court; and *second*, had he examined them, there is no certainty that the court would have set aside the foreclosure sale and confirmation upon his request in order that additional parties might be made defendants. It is true, the court has control of its judgments during the term, and in its discretion may set them aside, but this is a judicial discretion founded upon some reason therefor. Here the property had sold at the judicial sale for the entire amount of the mortgage debt, hence the mortgagee was no longer interested. Had the holders of the mineral deeds been made parties defendant in the first instance, the court, on their request, might have ordered the property sold subject to their rights under the mineral deeds, particularly if in the mineral deeds the grantor had warranted the title, and if such a sale would have brought enough to set aside the plaintiff's debt, would have permitted the mineral deeds to stand; hence the argument of appellant on this point is entirely too speculative to be of any value.

In addition to what has been said, relief from the alleged fraud was barred by the statute of limitations (G. S. 1935, 60-306, *third*) long prior to the filing of this action. The alleged fraud was practiced sometime between September 22 and the first Monday of December, 1931, if within the term of court at which the judgment was rendered, and in any event before the sheriff's deed was issued, February 13, 1933. This action was not filed until April, 1940. The means of discovery of the fraud was in the public records on which plaintiff's deed was based. He cannot be heard to say he did not discover the fraud until the spring of 1939. (*Black v. Black*, supra; *In re Estate of McFarland*, supra; *Sauberli v. Sledd*, 143 Kan. 350, 55 P. 2d 415; *Malone v. Young*, 148 Kan. 250, 81 P. 2d 23.)

We find no error in the record. The judgment of the trial court is affirmed.