No. 29,017.

A. H. ANDERSON, *Appellee*, v. J. R. ALLEN, *Appellant.*

(283 Pac. 509.)

Opinion filed January 11, 1930.

*Gilbert H. Frith* and *C. V. Beck,* both of Emporia, for the appellant.
*W. L. Huggins* and *O. T. Atherton,* both of Emporia, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by a broker of oil and gas properties for a commission for finding a purchaser for property of defendant. The jury answered special questions and returned a general verdict for plaintiff. The defendant has appealed. He has not brought the evidence to this court, but relies upon questions of law, which he deems to be sufficiently disclosed by the pleadings, the record evidence and the special findings of the jury.

The pertinent portions of the pleadings may be stated as follows: Plaintiff alleged that in June, 1926, defendant listed with him for sale the oil royalty interest in a certain 320 acres of land owned by defendant, and agreed to pay a commission of 10 per cent if plaintiff found a purchaser; that plaintiff interested W. P. Smith and F. L. Fitzgerald, dealers in oil properties at Tulsa, Okla., in the property, showed the property to them, introduced them to defendant, procured data with respect to the property from defendant and transmitted the same to Smith and Fitzgerald, with the result that in February, 1927, Smith and Fitzgerald made an offer of $100,000, which defendant declined to accept; that negotiations continued, additional data being procured by plaintiff from defendant and fur-

nished to Smith and Fitzgerald until as late as September, 1927, and that in fact negotiations had not ceased up to the time of the sale soon to be mentioned; that by an instrument dated October 19, 1927, defendant conveyed oil royalty interests in this land to C. E. Hane, of Tulsa, Okla., for $55,000, and received payment by four checks of equal amounts aggregating the purchase price, one check being signed by C. E. Hane, one by M. B. Leonard, of Tulsa, Okla., and one each by Smith and Fitzgerald, and that Hane then executed instruments to Leonard, Smith and Fitzgerald, conveying to each of them an undivided one-fourth of the oil royalty interest in the land which had been conveyed to him by defendant; that when defendant closed the deal with Hane, Smith and Fitzgerald were present participating in the negotiations. The petition further alleged that plaintiff was the procuring cause of the sale, that the sale was made to purchasers interested in the property by him, and that the conveyance from defendant to Hane was made to him personally instead of to the four purchasers in furtherance of a scheme to avoid paying plaintiff a commission.

The answer was a general denial, and that in June, 1927, defendant notified plaintiff that since plaintiff had been unable to procure a purchaser he was withdrawing his property from the market and from his listing with plaintiff, and further alleged that in October, 1927, he listed the property for sale with Robert Souder, of Madison, Kan., through whose efforts it was sold to C. E. Hane. The reply was a general denial. The special questions submitted to the jury and the answers returned are as follows:

"1. Did Hane and Leonard purchase a one-quarter each of defendant's royalty? A. Yes.

"2. If you answer question number 1 in the affirmative, state whether plaintiff had anything to do with procuring Hane and Leonard as purchasers. A. Yes.

"3. Did the royalty sold by defendant cover only approximately 270 acres of the 320 acres owned by him? A. Yes.

"4. If you answer question number 2 in the affirmative, state what plaintiff did to interest Hane or Leonard in the property in question or what negotiations, if any, he had with them. A. Indirectly through Smith and Fitzgerald."

Appellant first contends that plaintiff, having brought his action on an express contract to be paid a commission if he found a purchaser, having alleged that he found Smith and Fitzgerald as purchasers, and the jury having found that Hane and Leonard, whom plaintiff did not claim as purchasers procured by him, had each purchased a fourth of the property, that plaintiff cannot recover. Ap-

pellant argues that had plaintiff brought his suit on *quantum meruit* he might have recovered for the portion of the interest which was really sold to Smith and Fitzgerald. But it will be noted that the jury found that plaintiff was the procuring cause of the purchase by Hane and Leonard, he having interested them in the property indirectly through Smith and Fitzgerald. Since the evidence is not before us we must assume that these findings are supported by evidence. But appellant argues that these findings, if so construed, are not in accord with the allegations of the petition; that the petition in effect alleges that the sale of all the property was to Smith and Fitzgerald, and that Hane, or Hane and Leonard, were only dummies or stool pigeons for Smith and Fitzgerald. This is not such a fatal variance as requires a reversal. It is quite possible that plaintiff did not know the exact relation between Hane and Leonard and Smith and Fitzgerald at the time the action was brought, but that the true facts were disclosed at the trial. In that event the court no doubt would have permitted plaintiff to amend his petition to conform to the evidence, had such request been made. The fact that the trial court heard the evidence and approved these findings is tantamount to a treating of the petition as so amended, if such amendment were necessary. It was defendant's contention that plaintiff had nothing to do with the sale, that it had been procured by Souder, the new agent with whom he had listed it; but it is clear that the jury found against that contention, and no argument is made in support of it in this court.

Appellant next contends that the listing contract was for the sale of defendant's oil royalty interest in 320 acres of land, and that the evidence disclosed by the conveyance made by defendant to Hane that the oil royalty interest in 270 acres only was sold, and that plaintiff cannot recover anything unless he sold the oil royalty interest in the entire 320 acres. This contention lacks merit, for two reasons: First, the plaintiff is not in a position to raise this question. It is one that arises on the evidence of the case. He has not brought the evidence to this court. It will not do to permit parties who desire to raise questions of law upon the pleadings, finding and judgment to raise questions upon a part only of the evidence. To do so would be to permit him to pick out of the evidence that favorable to him, disregarding all other evidence submitted to the jury. Second, the listing agreement, which was at first in parol, later appears to have been reduced to writing in the form of a

letter written by defendant to his attorneys and by them transmitted to plaintiff, which letter purports to confirm an oral conversation "relative to the sale of oil royalty in the east half of section. . . ." Now what was sold was in the east half of the section referred to. We see no reason why the listing contract would not apply to the sale of any oil royalty in that half section, whether ten acres or one hundred, or all of it.

Appellant next contends that the listing was for a sale of "oil royalty," that what was sold was more than an oil royalty, being a sale, as shown by the conveyance executed, of—

". . . a full undivided one-half part of all the oil and gas in or under or which may hereafter be found on or produced from the following-described land situated in Greenwood county, state of Kansas, to wit: (here follows the description), together with the irrevocable right at all times of possession and ingress and egress for the purpose of exploring," etc.

We first note that that question does not appear to have been raised by the pleadings. If it was raised in the evidence alone, plaintiff is not in position to present it, for the reason that he has not brought the evidence to this court. It is true that what appears to have been conveyed is more than an oil royalty, as that term was defined in *Bellport v. Harrison*, 123 Kan. 310, 255 Pac. 52, but in the absence of the evidence we are unable to say this was not within the contemplation of the parties when they made their oral agreement in June, 1926, by which defendant, as plaintiff alleged in his petition, listed with the plaintiff for sale the oil royalty interest in the half section in question.

We find no error in the record. The judgment of the court below is affirmed.

JOCHEMS, J., not participating.