No. 29,975.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MIAMI et al., *Defendants*.

(299 Pac. 965.)

Opinion filed June 6, 1931.

*Roland Boynton*, attorney-general, *R. O. Mason*, assistant attorney-general, and *Ben F. Winchel*, of Osawatomie, for the plaintiff.

*Alpheus Lane*, of Paola, *Wint Smith*, assistant attorney-general, *F. S. Jackson*, *James E. Smith* and *S. W. Jackson*, all of Topeka, for the defendants.

The opinion of the court was delivered by

SLOAN, J.: This is an original proceeding in mandamus to compel the state highway commission and the board of county commissioners of Miami county to proceed with the necessary steps to improve a highway petitioned for under the benefit-district plan. The defendants have filed separate answers and the state has moved for judgment on the pleadings, presenting the issue.

A petition, in due form and signed by the requisite number of petitioners, was presented to the board of county commissioners of Miami county asking for the permanent improvement, under the district-benefit plan, of the highway extending north from Paola to the county line, a distance of about fourteen miles. Notice of the hearing, as provided by law, was published and the hearing held November 15, 1927. The commissioners found that the improvement prayed for was a public utility and ordered that the highway be graded and improved in the manner provided by law. The petition was signed and the order made, with the understanding on the part of the petitioners and the county commissioners that fifty per cent federal aid and twenty-five per cent state aid would be available to assist in making the improvement. Whereupon the county commissioners applied to the state highway commission for federal and state aid. The application was rejected and no further

action was taken by the county commissioners under the petition and order toward the construction of the highway.

It was afterwards agreed between the county commissioners and the state highway commission that the highway, which had then been designated as a state highway (known as Kansas state highway No. 7), should be built as a federal-aid, state-aid and county-aid project, and the work was in progress under this agreement when the highway was taken over by the state highway commission April 1, 1929. The state highway commission changed the routing of highway No. 7 so that it leaves the north line of Paola approximately three-quarters of a mile west of the old highway and proceeds in a northeasterly direction for about two miles, thence directly north one mile and then east about one-half mile, where it connects and joins with the old routing and proceeds north to the county line. Thereafter a benefit-district petition was presented to the county commissioners covering that part of the original benefit-district highway, which, by the change in the routing, was no longer a part of the state highway system. The petition was approved, the improvement ordered and the work completed, the surface, however, being gravel. The state highway commission has surfaced the highway with gravel from the north end of the benefit district to the county line. The entire highway described in the motion has been graded and graveled and is an all-weather highway.

The defendants appeal to the discretion of the court and ask that the writ be denied. This court has repeatedly held that the writ of mandamus lies in the sound discretion of the court, and the court is bound to take a broad view of the rights of the parties and the public before a writ is granted.

In *Kolster v. Gas Co.*, 106 Kan. 84, 86, 186 Pac. 738, the court said:

"Mandamus is a discretionary writ, and before granting it the court may and should look to the larger, public interest which may be concerned—an interest which the private litigants are apt to overlook when striving for their private ends. (*The State, ex rel. Wells, v. Marston*, 6 Kan. 524, 537; *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.*, 12 Kan. 127, 136; *Golden v. Elliott*, 13 Kan. 92, 95; *The State v. Stevens*, 23 Kan. 456; *The State, ex rel., v. Comm'rs of Phillips County*, 26 Kan. 419, 425.)"

The court is of the opinion, taking into consideration all of the facts and circumstances relating to the highway described in the

motion as well as the discretionary powers vested in the defendant in constructing a state highway system, that the writ should not issue.

The writ is denied.

SMITH, J., not sitting.