No. 30,668.

The State of Kansas, ex rel. Roland Boynton, Attorney-general, *Plaintiff*, v. W. C. Ellis, Mayor of the City of Lawrence, et al., *Defendants.*

(11 P. 2d 708.)

Opinion filed June 4, 1932.

*Roland Boynton,* attorney-general, and *Walter G. Thiele,* of Lawrence, for the plaintiff.

*R. B. Stevens,* county attorney, *A. B. Mitchell, George K. Melvin* and *R. E. Melvin,* all of Lawrence, for the defendants.

The opinion of the court was delivered by

Sloan, J.: This is an original proceeding in mandamus to compel a joint board, composed of the board of county commissioners of Douglas county and the board of city commissioners of Lawrence, to improve a certain street and highway under R. S. 1931 Supp. 12-647 *et seq.* An alternative writ was issued and an answer has been filed by the defendants. The plaintiff moves for a peremptory writ on the pleadings.

We glean the following facts from the pleadings: Fifteenth street, and the highway extending east therefrom, was a part of the state highway system, and on March 19, 1928, the state highway commission adopted a resolution offering state and federal aid for the improvement of the street and highway in question to be available for the year of 1929. On March 26, 1928, the governing body of the city of Lawrence adopted a resolution providing that Fifteenth street, beginning at its intersection with Barker avenue, thence east to a point five-eighths of a mile east of the city limits, be graded, curbed and otherwise improved, and declaring such improvement to be expedient and necessary. Thereafter the resolution was submitted to the board of county commissioners of Douglas county, and on

April 4, 1928, the board of county commissioners adopted a resolution declaring that the proposed improvement was a public utility and necessity, and provided for the establishment of benefit districts in the manner provided by law. On June 6, 1928, the city commissioners and the county commissioners met in joint session in accordance with a notice published as provided by law, and, after due consideration, passed a resolution directing that such street and highway be graded, curbed and otherwise improved; that the plans and specifications therefor be approved by the consulting engineer of Douglas county, and that the cost of the improvement be paid as provided by the statute. In August, 1930, the state highway commission rerouted state highway number ten over Twenty-third street, and the street and highway in question were no longer any part of the state highway system. The state highway commission has not made available state or federal aid, and no further proceedings appear to have been taken in relation to the improvement prior to the filing of this action. With the consent of the court the defendants have filed an amended and supplemental answer in which it is alleged that on April 4, 1932, the governing body of the city passed a resolution rescinding all resolutions adopted with reference to the improvement in question; that on the same day a similar resolution was passed by the county commissioners, and that seventy of the seventy-eight resident property owners living on the street whose property would be directly affected by the improvement are opposed, under the changed conditions, to the making of such improvement.

The plaintiff contends that since all proceedings relating to the improvement are legal and regular, that the court should compel the completion of the improvement. The legality of the proceeding is not questioned by the defendants, but they argue that under the changed condition, which has come about through no fault on their part, it is burdensome on the county, city and individual taxpayers directly affected, and this court should exercise its discretion and deny the writ.

The constitution vests this court with original jurisdiction to issue the writ of mandamus, and through it the power to protect the franchises of the state and the rights and interests of the whole people, to enforce the performance of official duties affecting the public at large and in emergency to assume jurisdiction of cases affecting local public interest or private rights where there is no other adequate remedy or there would otherwise be a failure of

justice. The court is vested with a sound legal discretion to determine for itself, as the question may arise, whether the case presented is of such character as to call for the exercise of its jurisdiction. The writ does not issue as a matter of right, and it must be made to appear by the applicant that a legal right is invaded; that the public interest will not be injuriously affected and that substantial justice will be accomplished. The court may, in the exercise of its discretion, refuse the writ when in its judgment the ends of justice will not be attained. (*State, ex rel., v. Miami County Comm'rs*, 133 Kan. 325, 299 Pac. 965, and cases there cited.)

The facts in this case appeal to the discretion of the court in that the conditions have changed since the proceedings were commenced. State and federal aid are not available. The street is no longer a part of the highway system and it appears that the principal use of the street would be by the property owners living thereon. The judgment of the county and city officers, as well as the property owners, appears to be that the street is no longer a public utility or necessity. The court is not passing on the question of the legality of the resolutions attempting to rescind the former action of the officials.

Under all of the circumstances in this case we are constrained to hold that the public and private interest involved does not warrant the exercise of the court's jurisdiction. We believe that justice will be best served in denying the writ.

It is so ordered.