No. 34,298

W. L. DAVIS, *Appellant*, v. DELLA MAY HURST, RALPH E. HURST and THE SAGAMORE OIL & GAS COMPANY, *Appellees.*

(90 P. 2d 1100)

Opinion filed June 10, 1939.

*W. M. Glenn*, of Tribune, for the appellant.
*Clifford Sullivan*, of Howard, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order sustaining defendants' demurrer to plaintiff's petition. By the allegations of the petition plaintiff formerly owned a certain 281-acre tract of land in Elk county. In November, 1932, he sold the land to Della May and Ralph E. Hurst and conveyed it to them by a general warranty deed which contained the following clause: "The said W. L. Davis reserves one-half of the oil and gas royalties." In December, 1936, Della May and Ralph E. Hurst executed and delivered to the Sagamore Oil & Gas Company an oil and gas lease for the 281 acres on the usual No. 88 form of such leases, which, among other things,

provided that the lessee should give to the lessors an undivided one-eighth of all the oil or gas found upon the premises within the term of the lease. At the execution of the lease the lessee paid the lessors $140.50 as a bonus for executing the lease, and a year later paid a like amount for delayed rental provided for in the lease.

This action is to recover one-half of each of those payments on the claim that they are "royalties," as that term is used in the reservation clause in the deed. In passing upon the demurrers to the petition the court necessarily decided against that contention. The correctness of that decision is the only question before us.

In *Robinson v. Jones,* 119 Kan. 609, 240 Pac. 957, in developing a definition of overriding royalties, it was said:

"Such interests are derived in this way: A landowner calling himself lessor gives to another called lessee an instrument called an oil lease, in the common form. As consideration for the grant, the owner is to receive one-eighth of the oil produced. *This interest is called royalty.* The lessee's seven-eighths interest in the oil produced is called the working interest." (Italics inserted.)

It is then demonstrated how overriding royalties may be carved out of the working interest—a point not important here.

In *Bellport v. Harrison,* 123 Kan. 310, 255 P. 2d 52, it was held:

"The ordinary and legal meaning of the word 'royalty,' as applied to an existing oil and gas lease, is the compensation provided in the lease for the privilege of drilling and producing oil and gas, and consists of a share in the oil and gas produced. It does not include a perpetual interest in the oil and gas in the ground." (Syl. ¶ 1.)

Authorities in support of this holding were cited (p. 313). It also was held that the ordinary meaning of the word "royalty" in an existing oil and gas lease cannot be enlarged by proof of usage or custom, and authorities in support of this view were set out in the opinion.

This definition has been cited with approval in *Anderson v. Allen,* 129 Kan. 502, 505, 283 Pac. 509; *Burden v. Gypsy Oil Co.,* 141 Kan. 147, 151, 40 P. 2d 463; *Richards v. Shearer,* 145 Kan. 88, 91, 64 P. 2d 56, and was specifically referred to and followed in *Serena v. Rubin,* 146 Kan. 603, 607, 72 P. 2d 995.

It also was cited and followed in *Leydig v. Commissioner of Internal Revenue,* 43 F. 2d 494, where it was held:

" 'Royalty' under existing oil and gas lease consists of share in oil and gas produced, but does not include perpetual interest therein."

It has been cited, also, in later federal cases (*Alexander v. King,* 46 F. 2d 235, 239, and *Lucas v. Baucum,* 50 F. 2d 806, 808).

It seems clear that by a long line of decisions this court is committed to the view that the word "royalty," standing alone, as applied to an oil and gas lease, means the share of oil and gas to be received by the lessor by the operation of the lease. Appellant cites and relies largely on *Brooks v. Mull,* 147 Kan. 740, 78 P. 2d 879, and argues that a different conclusion was reached in that case. We think that decision is not open to the interpretation placed upon it by appellant.

Plaintiff might have worded the clause in the deed so as to reserve to himself an undivided share of the oil, gas, or other minerals in the land. But he did not do that. Appellant cites cases from other jurisdictions in which it was held that the reservation in the deed entitled the grantor to receive a share of the bonus or rentals; but in each of those cases the court analyzed the reservation and held that by it the grantor reserved a share of the minerals in place. The cases are not in point.

We find no error in the ruling of the trial court, and its judgment is affirmed.

ALLEN, J., dissents.