No. 37,499

N. C. DENNETT, et al., *Appellees,* v. E. E. MEREDITH, CLAUDE K. FREEMAN, et al., *Appellants.*

No. 37,617

PHOENIX MUTUAL LIFE INSURANCE COMPANY, *Appellee,* v. EDWARD C. MIERAU, CLAUDE K. FREEMAN, et al., *Appellants.*

(211 P. 2d 117)

Opinion filed November 12, 1949.

*George Templar,* of Arkansas City, argued the cause, and *Earle N. Wright,* of Arkansas City, was with him on the briefs for the appellant, Claude K. Freeman.

*Fred R. Vieux,* of Augusta, was on the briefs for the appellees, N. C. Dennett and Hazel A. Dennett.

The opinion of the court was delivered by

HARVEY, C. J.: Claude K. Freeman is the sole appellant in each of the above cases. In this court they were briefed and argued together, but we shall deal with them separately. No. 37,499 is an action to quiet title. N. C. Dennett and wife (substituted as plaintiffs) on July 7, 1947, filed their amended petition in the district court of Butler county in which they alleged that they were the owners in fee simple and in possession of the northwest quarter of section twenty-eight, township twenty-eight, south, range six, east of the 6th P. M. in Butler county (hereinafter called the land); that they and those through whom they derived title have been in the open, notorious, undisputed, quiet and peaceful possession of the land for more than fifteen years; that the defendants and each of them claim some right, title or interest in or lien upon the land, or some part thereof, the exact nature and extent of which is to plaintiffs unknown, but allege that the claims of the defendants, and each of them, are null and void as to plaintiffs' title and cast a cloud thereon. They prayed for appropriate relief in a decree excluding defendants, and each of them, from any interest in, or lien upon the land, and for costs.

Claude K. Freeman filed an answer which contained a general denial and in which he alleged "that he is the owner of one-sixteenth of the royalty in and lying under" the land, "and that said interest was confirmed in him by virtue of a judgment rendered by this court and made and entered in the case of *Phoenix Mutual Life Insurance Company v. Mierau, et al.,* being case No. 15,113 in this court, the files and decree of said action being now incorporated herewith by reference, the same as if set out herein at length." He further alleged that the plaintiffs and substituted plaintiffs and other defendants in the action claim some right, title or interest in or to the property of this defendant, as herein set forth, but defendant alleges the fact to be that any claim, whatever it may be, is subject to and inferior to the title of this defendant and that the same should be declared of no force.

To this answer plaintiffs filed a reply, which is a general denial.

At the trial by the court on July 30, 1947, the following matters were stipulated:

1. That on the 3d day of March, 1920, August Siedl, Edith Siedl and Emil Siedl, deeded by warranty deed to E. C. Mierau all of the land excepting three acres sold to Friends Church "and excepting a one-sixteenth (1-16) of all oil and gas and other minerals which grantors reserved unto themselves and their heirs and assigns forever."

2. In the 29th day of January, 1926, Edith Siedl quitclaimed all of her right, title and interest in the land to William Bunnell, by a deed which was duly recorded.

3. On the 11th day of February, 1926, Emil Siedl, a widower, quitclaimed all of his right, title and interest in said land to William Bunnell by a deed which was duly recorded.

4. On the 25th of February, 1946, William Bunnell and wife quitclaimed one-fourth of their right, title and interest in and to the land to Claude K. Freeman. This deed was duly recorded in Vol. 155 of Deeds, at page 155, in the office of the register of deeds of Butler county, Kansas.

It is also stipulated that in the action entitled *Phoenix Mutual Life Insurance Company v. Mierau, et al.*, No. 15,113, in the district court of Butler county the plaintiff foreclosed a real-estate mortgage wherein Claude K. Freeman was one of the defendants. Pertinent excerpts from the files are as follows:

In the petition filed January 8, 1930, the Phoenix Mutual Life Insurance Company sought to recover a personal judgment against Edward C. Mierau and his wife upon a promissory note in the sum of $3,200, dated October 24, 1924, and to foreclose a mortgage upon the land here involved of the same date alleged to be in default. Claude K. Freeman was made a party defendant, and with respect to him the petition alleged:

"Plaintiff further says that the defendant, Claude K. Freeman claims some right, title or interest in and to the above-described real estate by reason of a certain quit claim deed from William Bunnell and Bertha B. Bunnell, husband and wife, dated February 25, 1926, and recorded in the office of the Register of Deeds of Butler County, Kansas, in volume 155 of Deeds at page 155, but that said interests, if any there be, are junior, inferior and subsequent to the claims of this plaintiff."

To this petition Claude K. Freeman filed an answer in which he alleged:

"That said defendant is the owner of an undivided royalty interest in and

to the Northwest Quarter (NW ¼) of Section Twenty-eight (28), Township Twenty-eight (28) South of Range Six (6) East of the 6th P. M. and that the interest of this answering defendant is paramount to the interest of the plaintiff herein. WHEREFORE, this defendant prays that his interest in and to said property be declared a prior and paramount lien to the lien of said plaintiff."

In the journal entry of judgment of April 16, 1930, the following statements are found:

"The court further finds that all of the defendants in this action, with the exception of Claude K. Freeman (and two others named) have defaulted herein and are still in default at this time, having filed no answer or other pleadings in this case.

"The court finds that the defendant, Claude K. Freeman, filed an answer herein. . . .

"THEREUPON the plaintiff introduces evidence in support of its petition, and rests.

"THEREUPON the defendant, Claude K. Freeman, introduces evidence in support of his answer, and rests.

"THEREUPON the court, being fully advised in the premises, finds that the allegations contained in the answer of the defendant, Claude K. Freeman, are true and that said defendant is the owner of an undivided one-sixteenth (1/16th) royalty interest in and to (the land) and that said interest of said defendant is prior, paramount and superior to the interest of the plaintiff, The Phoenix Mutual Life Insurance Company.

"The court further finds that all of the allegations contained in the petition of the plaintiff, with the exception of those concerning the interest of the defendant, Claude K. Freeman, are true and correct, and that the plaintiff is entitled to judgment against the defendants (naming them, other than Freeman). . .

"The court further finds that the mortgage set forth in the petition of the plaintiff . . . is a valid lien on said premises and is in default and subject to foreclosure, subject only to the royalty interest held by the defendant, Claude K. Freeman."

The decree provides that if the amount of the judgment is not paid within ten days the land should be sold at sheriff's sale, and provides for the distribution of the proceeds of the sale. Plaintiff was given judgment for its costs, *"and a further judgment forever barring all of the defendants, their heirs, successors or assigns from any right, title or interest in and to the above described premises, except only as to their right of redemption. . . ."* (Italics ours.)

The order of sale recited the judgment in favor of plaintiff against Mierau and wife and that the same was a lien upon the land, and provided that "said property be sold according to law, agreeably to said judgment and decree. . . ."

The sheriff's sale notice, among other things, described the real estate and recited: "That said real estate will be sold subject to an undivided one-sixteenth (1-16th) royalty interest held by Claude K. Freeman, . . ."

The return of the sheriff shows that he gave notice and that on a day stated he sold the described real property "subject to 1/16 royalty interest of Claude K. Freeman in and to said real estate."

Plaintiff's motion to confirm the sale recited the fact that the sheriff had sold the described property "subject to an undivided one-sixteenth (1/16) royalty interest held by Claude K. Freeman. . . ."

The journal entry confirming the sale recites the proceedings and decree, "that said sale is hereby confirmed and the sheriff of Butler county, Kansas, is ordered to execute and deliver to the purchaser at said sale, the Phoenix Mutual Life Insurance Co., a corp., a certificate of purchase for said property, providing, among other things, that said title is subject to an undivided one-sixteenth (1/16) royalty interest held by Claude K. Freeman. . . ."

Upon this evidence the court quieted the title to the land in the plaintiffs, N. C. Dennett and wife, and barred Claude K. Freeman of all right, title or interest therein. He filed a motion for a new trial, which was overruled, and he has appealed both from the judgment and from the order overruling the motion for a new trial.

In this court he presents two questions: (1) Did appellant, Claude K. Freeman, acquire any rights in the real estate here in question under the proceedings in the case of *Phoenix Mutual Life Insurance Company v. Mierau and Freeman?* (2) Does the grant of royalty give the grantee any interest in real estate?

We first note that the only evidence before the trial court was documentary. In such a case this court has the authority and the duty of interpreting and construing the documentary evidence and is not bound by the interpretation or construction given it by the trial court. (See *In re Estate of Kemper,* 157 Kan. 727, 734, 145 P. 2d 103, and cases there cited.) We first note that the deed from August Siedl and Emil Siedl to Mierau contained the clause "excepting a one-sixteenth (1/16) of all oil and gas and other minerals which grantors reserved unto themselves and their heirs and assigns forever." This was an exception as distinct from a reservation, if the word used makes any difference. (See *Barrett v. Coal Co.,* 70 Kan. 649, 79 Pac. 150, and *Moore v. Griffin,* 72 Kan. 164, 83 Pac. 395.)

By this instrument the grantors did not convey to Mierau the 1/16th of the oil, gas and other minerals in or under the land. The conveyances of Edith and Emil Siedl to Bunnell were of all their respective rights, title and interest in the land, which necessarily included whatever fractional share they respectively owned in the oil, gas and other minerals in and under the land, which may have been the full 1/16th. When Bunnell and wife quit-claimed to Freeman it necessarily conveyed to the grantee a 1/4th of all their right, title and interest in the oil, gas and other minerals in and under the land which he acquired from the Siedls, and any other portion which he may have acquired from some other source, a fact which this record does not disclose. When the Phoenix Mutual Life Insurance Company brought its suit to foreclose its mortgage in 1930 the plaintiff recognized that Freeman had an interest in the oil, gas and other minerals in and under the land by a deed from Bunnell and wife, and sought to have its mortgage held to be superior thereto. In Freeman's answer in that case he alleged that he had a 1/16th royalty interest in the land.

After hearing Freeman's evidence the court found that he had a 1/16th royalty interest in the land, describing it, which was prior, paramount and superior to the interest of the plaintiff. The court foreclosed plaintiff's mortgage subject to the interest of Freeman and the land was sold by the sheriff and the sale confirmed subject to the interest of Freeman in the land as decreed by the court. It is clear that the purchaser at that sale did not purchase the interest of Freeman in the land. In the law of judicial sales it is well settled that the purchaser does not buy more than is sold. (See *Simmons v. Clark,* 151 Kan. 431, 433, 99 P. 2d 739; *Henne v. Wood,* 153 Kan. 673, 113 P. 2d 98, and authorities there cited.)

The trial court was of the view that under the definition of the word "royalty," as defined in *Bellport v. Harrison,* 123 Kan. 310, 255 Pac. 52, the use of the word "royalty" in the answer of Freeman and in the decree and other papers in the forclosure action conveyed nothing to the defendant Freeman, and that any remedy they had at that time was by appeal. This interpretation is erroneous. In *Bellport v. Harrison,* supra, the word "royalty" was defined only "as applied to an existing oil and gas lease." The definition has no application here. There was no oil and gas lease on the property at the time Freeman acquired his interest thereto. His interest was acquired by conveyance and related to oil, gas and other minerals

in place in the land. It is true that at the time the foreclosure suit was brought there was an oil and gas lease on the property which had been placed there after the mortgage had been executed, which was then being foreclosed, and for that reason it was set aside in the same decree of the court which fixed the interest of Freeman, and since that time there has been no oil and gas lease on the property. So it is clear that the defendant in his anwser, and the court in its decree, were not using the term "royalty" in its relation to an existing oil and gas lease.

The terms "royalty" and "royalty interest" frequently have been used rather loosely and at times otherwise than in its ordinary meaning as defined in *Bellport v. Harrison,* supra. When so used the test to be applied to its interpretation is the intention of the parties, for the terms of an instrument and not its name determine its nature and character. (See *Anderson v. Allen,* 129 Kan. 502, 505, 283 Pac. 509; *Sledd v. Munsell,* 149 Kan. 110, 86 P. 2d 567; *Fry v. Dewees,* 151 Kan. 488, 99 P. 2d 844, and *Rutland Savings Bank v. Steele,* 155 Kan. 667, 127 P. 2d 471.) In *Rathbun v. Williams,* 154 Kan. 601, 121 P. 2d 243, it was said (p. 604): "The owner of the mineral interest may sell and assign the royalty interest." And in *Miller v. Sooy,* 120 Kan. 81, 242 Pac. 140, it was held:

"An instrument in the form of an assignment of a half interest in all royalties, rents and bonuses to accrue to the assignor under an existing oil and gas lease on certain land, or under any oil and gas leases thereafter executed thereon, is held to be valid and enforceable with respect to the subsequent leases as well as that already in existence."

(See, also, *Davis v. Hurst,* 150 Kan. 130, 90 P. 2d 1100, and compare *Brooks v. Mull,* 147 Kan. 740, 78 P. 2d 879.)

These cases are cited as examples of how the court has dealt with the word "royalty" as used in instruments other than existing oil and gas leases. They disclose that in each instance the court analyzes the instruments involved to determine the intention of the parties and to construe the instruments in harmony with that intention. Naturally, they do not cover all instances possible to arise, and in fact do not cover specifically this case. Here it seems clear that the parties used the term "royalty" in the answer and decree of the foreclosure case as applying to the instruments under which Freeman acquired his interest in the property and as meaning an interest in the oil, gas and other minerals in the land.

In quieting title in plaintiff and barring Claude K. Freeman of any right, title or interest in the property the court stressed the final

paragraph in the decree in the foreclosure case, hereinbefore quoted and italicized. We think the court erred in its interpretation of that paragraph of the decree. We construe it as applying only to what was sold at the sheriff's sale. The language is perfectly proper when so construed, but it would be improper if construed otherwise in view of the several statements in the decree, the order of sale, the sale notice, and the order confirming the sale foreclosing the mortgage subject to the 1/16th royalty interest found to be vested in Claude K. Freeman.

In this court counsel for appellee argues that the interest of Claude K. Freeman could not be as much as 1/16th. We think the appellee is not entitled to raise that question. The trial court in the foreclosure action, upon evidence offered, determined what his interest was. There was no appeal from that and this proceeding to quiet title is not a reëxamination of that question.

The result is that the decree of the court quieting title in N. C. Dennett and wife in fee simple and barring and excluding Claude K. Freeman from any right, title, interest or estate therein is erroneous and should be reversed. It is so ordered.

We turn now to the appeal in No. 37,617. After the judgment was rendered against Freeman in the case to quiet title in No. 37,499 upon the ground, among others, that the court in the paragraph of the journal entry of judgment in the foreclosure action, which we hereinbefore quoted and italicized, had foreclosed him of all interest in the land his attorneys filed a motion in the foreclosure action for an order *nunc pro tunc* correcting that paragraph of the decree to make it clear that Freeman's rights previously adjudged and confirmed in him by the decree were not affected by that clause. Notice was given and a hearing had upon the motion, at which time the affidavits of the attorney for the plaintiff and the attorney for Freeman in the foreclosure action, which tended to sustain the motion, were filed. The court denied the motion and advised counsel that it was doing so upon the grounds that "the motion of the defendant, Freeman, for an order *nunc pro tunc* is moot; that it would only further encumber and cloud the title to the real estate." Freeman appealed from that ruling. We think those grounds were untenable. We shall not labor those points, however, since there is a good reason for denying the motion, namely, that the interpretation the court gave of the questioned clause in the journal entry in the foreclosure case was erroneous, as determined in our opinion in case appealed,

No. 37,499. The motion for an order *nunc pro tunc* was not necessary and should have been denied for that reason. A correct ruling will not be set aside because a wrong reason was given. (See *City of Wichita v. Boles*, 156 Kan. 619, 621, 135 P. 2d 542. Therefore, the order appealed from in this case is affirmed.